**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELIZABETH KARLSON,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-11876

Judge Manish S. Shah

Magistrate Judge Karyn L. Bass Ehler

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff, ELIZABETH KARLSON ("Karlson" or "Plaintiff"), submits this Memorandum in support of Plaintiff's Motion for leave to conduct expedited discovery (the "Motion").

## I. INTRODUCTION

Plaintiff brings this action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for Copyright Infringement (Count I). As alleged in the Complaint, Defendants are selling unauthorized products that are direct copies or derivative works of the copyrighted subject matter of Plaintiff's Works, hereinafter referred to as the "Elizabeth Karlson Products." Defendants also promote, advertise, market, distribute, offer for sale, and sell infringing Elizabeth Karlson Products through various fully interactive commercial internet websites (collectively, the "Defendant Internet Stores")[1]. Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off the Plaintiff's valuable rights.

The Defendants create numerous Defendant Internet Stores and design them to appear to be selling authorized products, while actually selling unauthorized and unlicensed Elizabeth Karlson Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' piracy operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by concealing both their identities and the full scope and inner workings of their piracy operation. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's registered copyrights, as well as to protect unknowing consumers from purchasing pirated Elizabeth Karlson Products over the internet.

This Court has personal jurisdiction over Defendants because each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell pirated Elizabeth Karlson Products to consumers within the United States, including the State

[1] True and correct copies of screenshot printouts showing the infringement by the Defendant Internet Stores are attached hereto as **Exhibit 1.**

of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products being sold in connection with Plaintiff's Elizabeth Karlson Works. Defendants directly target their unlawful business activities toward consumers in Illinois, cause harm to Plaintiff's business within this judicial district, and have caused and will continue to cause injury to Plaintiff. Defendants deceive the public by trading upon Plaintiff's reputation and goodwill by using their commercial, interactive internet stores to sell and/or offer for sale unlicensed Elizabeth Karlson Products in connection with Plaintiff's copyrights.

## II. ARGUMENT

Plaintiff seeks an order to authorize expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of infringing Elizabeth Karlson Products and Defendants' financial accounts.

Courts regularly grant these requests considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement. *See, e.g., Lisa Audit v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-08985 (N.D. Ill. Aug. 12, 2025); *Anderson Design Group, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-09726 (N.D. Ill. Aug. 26, 2025). Granting the relief sought in this motion will also advance this litigation faster to notify defendants regarding their infringing activities.

Discovery of these financial accounts and email addresses is necessary so that Defendants can be notified of these proceedings to conserve judicial resources and proceed to the merits of this case. Additionally, expedited discovery for Defendants' financial account information is also

proper since Plaintiff may seek an equitable remedy in the accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b).

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

As described above, Defendants are using third-party payment processors, which help to increase their anonymity by interposing a third party between the consumer and Defendants. Plaintiff respectfully requests expedited discovery to discover email, bank, and payment system accounts Defendants use for their infringing sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Order has been limited to include only what is essential to advance this litigation. Discovery of Defendants' financial accounts, physical addresses, and email addresses is necessary so that Defendants can be notified of these proceedings promptly and ultimately properly served to proceed to the merits of this case.

Plaintiff's counsel is aware that the same third-party payment processors, in previous lawsuits, have worked with copyright owners, and counsel is not aware of any reason that Defendants or third parties cannot comply with these expedited discovery requests without undue burden. Further, all relevant third parties have in fact complied with identical requests in previous similar cases. More importantly, as Defendants have engaged in many deceptive practices in hiding

their identities and accounts, Plaintiff will be unable to identify and verify Defendants' addresses without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

## III. CONCLUSION

The Elizabeth Karlson Works are an important part of Plaintiff's business. That the accused products use the creative content protected by Plaintiff's copyrights is no coincidence. It is validation that consumers value these rights owned by Plaintiff. Therefore, leave to conduct expedited discovery is necessary to protect Plaintiff's rights, to prevent further harm to Plaintiff and the consuming public. Unless Defendants can be properly identified, this action will languish and the public will continue to be confused and misled by Defendants' conduct. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court grant leave in the form submitted herewith. In accordance with this request, the proposed Order includes authorization to notify Defendants electronically.

DATED: September 29, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***